# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | **I.D. No. 1212019156** |
| | ) | |
| ROBERT ALLEY, | ) | **Cr. A. No. PN13-01-0761** |
| Defendant. | ) | |

Submitted: June 22, 2018
Decided: October 16, 2018

## ORDER

*Upon Defendant Robert Alley's Request for a Certificate of Eligibility
to File Under 11 Del. C. § 4214(f) and Del. Super. Ct. Spec. R. 2017-1(d),*
**DENIED.**

This 16th day of October, 2018, upon consideration of the Defendant Robert Alley's Request for a Certificate of Eligibility (D.I. 146), the Attorney General's response thereto (D.I. 147), the parties' supplemental submissions (D.I. 148, 150, 155, 156, and 157), and the record in this matter, it appears to the Court that:

## A. Factual and Procedural Background

(1)    On March 4, 2013, a New Castle County grand jury indicted Alley for two counts of Robbery in the First Degree, and one count of Wearing a Disguise During the Commission of a Felony.[1]

---

[1]    Indictment, *State v. Robert Alley*, ID No. 1212019156 (Del. Super. Ct. Mar. 4, 2013) (D.I. 2).

(2) These multiple offenses arose from two separate robberies that Alley committed on December 30, 2012. Close to 3:00 a.m. that morning, Alley walked up to a Wawa store clerk, threatened he had a gun, and told the young man to give him money. Alley then went behind the sales counter and took more than $200 from the cash register. As he left, Alley ordered the clerk not to follow—if he did, Alley said, Alley would shoot him dead. Shortly after 7:00 p.m. that same day, Alley entered a Hibachi Express Japanese Restaurant with a hood pulled over his head, a black cloth covering the lower part of his face, and his hand in his pocket intimating to the hostess that he had a gun. Again, he went behind the sales counter. Again, he took about $200 from the restaurant's register. And again, he threatened the accosted employee that she would be shot.[2]

(3) At the time he committed these robberies, Alley had at least three prior violent felony convictions and was, therefore, a habitual criminal offender.[3]

(4) On August 28, 2014, Alley pleaded guilty to a single count of Robbery in the Second Degree (as a lesser-included offense).[4] He did so in exchange for

---

[2] D.I. 1 (complaint and arrest warrant).

[3] *See* DEL. CODE ANN. tit. 11, § 4214(a) (2012) (providing that a person who has been thrice previously convicted of a felony and is thereafter convicted of another felony may be declared an habitual criminal).

[4] Plea Agreement and TIS Guilty Plea Form, *State v. Robert Alley*, ID No. 1212019156 (Del. Super. Ct. Aug. 28, 2014).

dismissal of the remaining charges and the State's favorable sentencing recommendation (a cap of ten years imprisonment).[5] His sentencing occurred a few months later, on December 19, 2014, after a pre-sentence investigative report was prepared and the State had filed a habitual criminal petition on the robbery.[6] For that second degree robbery conviction, Alley was sentenced to eight and one-half years of imprisonment be served under the provisions of the then-extant Habitual Criminal Act.[7] Alley's sentencing order notes that his habitual criminal sentence was effective on December 19, 2014, with 726 days credit for time previously served.[8]

(5)　Alley has requested a certificate of eligibility to file a petition seeking exercise of the Court's jurisdiction to modify his sentence under

---

[5]　DEL. CODE ANN. tit. 11, § 4214(a) (2012) (any person sentenced under then-existing § 4214(a) had to receive a minimum sentence of not less than the statutory maximum penalty otherwise provided for any fourth or subsequent Title 11 violent felony that formed the basis of the State's habitual criminal petition); *id.* at §§ 831, 4201(c) and 4205(b)(5) (second degree robbery was then a class E violent felony with a statutory maximum of five years imprisonment). And the habitual criminal offender could receive a life sentence for any triggering felony. *Id.* at § 4214(a) (the Court could, in its discretion, impose upon any habitual criminal a natural life sentence for any triggering felony).

[6]　D.I. 89 and 93.

[7]　Sentencing Order, *State v. Robert Alley*, ID Nos. 1212003272 and 1212019156 (Del. Super. Ct. Dec. 19, 2014). Alley was also sentenced to a fully suspended term for an unrelated motor vehicle theft. *Id.* That sentence is uncontested here.

[8]　*Id. See McNair v. State*, 2011 WL 768639, at *1 (Del. Mar. 4, 2011) ("Under DEL. CODE ANN. tit. 11, § 3901(b) and (c), a defendant must be credited with all Level V time served in default of bail either by 'backdating' the effective date to the date of incarceration or by crediting the defendant with the time served.").

11 *Del. C.* § 4214(f).[9] The Attorney General responded.[10] And the Court has since received and reviewed the parties' supplemental filings[11] to determine Alley's eligibility to seek § 4214(f) relief. The Court has carefully considered the parties' positions as to whether Alley can be granted a certificate of eligibility. He cannot.

### B. Alley Does Not Meet § 4214(f)'s Type-of-Sentence Requirement.

(6) The first eligibility requirement an inmate must meet to gain sentence relief under 11 *Del. C.* § 4214(f) is the type-of sentence requirement.[12] Alley does not meet this requirement because his eight and one-half year incarcerative term was imposed solely within his sentencing judge's discretion.[13]

(7) When Alley was sentenced for second degree robbery as a habitual offender, § 4214(a) provided a habitual offender could receive a sentence of up to life imprisonment and would "receive a minimum sentence which shall not be less than the statutory maximum penalty provided elsewhere in this Title for the fourth

---

9    D.I. 146; Del. Super. Ct. Spec. R. 2017-1(c)(2), (3).

10   D.I. 147; Del. Super. Ct. Spec. R. 2017-1(c)(5) (providing that the Attorney General shall file a written response to a request for certificate of eligibility).

11   *See* D.I. 148; D.I. 150; D.I. 155; D.I. 156; and D.I. 157.

12   DEL. CODE ANN. tit. 11, § 4214(f) (2018) (providing that an inmate must be serving a sentence imposed upon him as "an habitual criminal [that is] a minimum sentence of not less than the statutory maximum penalty for a violent felony pursuant to 4214(a) of this title, or a life sentence pursuant to 4214(b) of this title prior to July 19, 2016").

13   *See* n.5, *supra.*

or subsequent felony which forms the basis of the State's petition to have the person declared to be an habitual criminal except that this minimum provision shall apply only when the fourth or subsequent felony is a Title 11 violent felony, as defined in § 4201(c) of this title."[14] The statutory maximum penalty for second degree robbery, the violent felony[15] that formed the basis of the State's petition to declare Alley a habitual offender, was five years at Level V incarceration.[16] So Alley faced a sentence ranging between anywhere from five years to life imprisonment. Because the sentencing judge exercised her discretion under § 4214(a) to sentence Alley to eight and one-half years of imprisonment instead of five years at Level V incarceration, Alley did not receive "a minimum sentence of not less than the statutory maximum penalty for a violent felony."[17] And he, therefore, does not meet § 4214(f)'s type-of-sentence eligibility requirement.[18]

---

[14]    DEL. CODE ANN. tit. 11, § 4214(a) (2012).

[15]    DEL. CODE ANN. tit. 11, § 4201(c) (2012) (classifying Robbery in the Second Degree as a violent felony).

[16]    DEL. CODE ANN. tit. 11, § 831(a) (2012) (defining Robbery in the Second Degree as a class E felony); DEL. CODE ANN. tit. 11, § 4205(b)(5) (2012) (providing punishment for class E felony was "up to 5 years to be served at Level V").

[17]    DEL. CODE ANN. tit. 11, § 4214(f) (2018).

[18]    *See Clark v. State,* 2018 WL 1956298, at *3 (Del. Apr. 24, 2018) ("a minimum sentence of not less than the statutory maximum penalty for a violent felony" means the inmate must have received *the* minimum sentence a judge was constrained to impose under the prior version of the Habitual Criminal Act, and so, where a sentencing judge exercised his or her discretion to impose greater than the minimum required under pre-2016 § 4214(a), the inmate cannot seek modification

**NOW, THEREFORE, IT IS ORDERED** that Defendant Robert Alley's Request for a Certificate of Eligibility is **DENIED**; he may not file a petition seeking exercise of this Court's jurisdiction to modify his sentence under 11 *Del. C.* § 4214(f) and Del. Super. Ct. Spec. R. 2017-1(d).

Paul R. Wallace, Judge

Original to Prothonotary

cc:   Hon. Jan R. Jurden
      Mr. Robert Alley, *pro se*
      Mr. Joseph S. Grubb, Chief Prosecutor, NCCo.
      Mr. Todd Conner, Esquire
      Gregory E. Smith, Deputy Attorney General

---

under § 4214(f)); *Durham v. State*, 2018 WL 2069057, at * 1 (Del. May 2, 2018) (same); *State v. Williams*, 2018 WL 2938313, at *2 (Del. Super. Ct. June 8, 2018) (same).